# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TRACEY GETTER, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 1:11-cv-0051-JMS-DKL |
| | ) |
| SUPERINTENDENT STINE, | ) |
| | ) |
| Respondent. | ) |

## Entry and Order Dismissing Action

The parties in this action in which petitioner is seeking habeas corpus relief are at loggerheads regarding the effect of the prison disciplinary proceeding which petitioner challenged here.

The petitioner is Tracey Getter, an Indiana prisoner. The respondent is Getter's custodian. Procedurally, the matter pends on respondent's motion to dismiss, to which several responses and replies have been filed.

The materials just referenced, including the expanded record, establish the following:

1. Getter seeks a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This statute provides that a federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a).

2. Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The procedural and substantive protections to which reference has been made are triggered when a prisoner suffers a sanction which results in "custody." *Mamone v. United States,* 559 F.3d 1209 (11th Cir. 2009); *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008). A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

3.  Pertinent specifics of the disciplinary proceeding Getter challenges here are the following:

   a. Getter was initially found guilty of violating prison rules in No. IYC-08-07-0199 on July 22, 2008, and was sanctioned with a demotion from credit class one to credit class two and an earned credit time loss of 90 days.

   b. On October 10, 2008, Getter was granted a rehearing. Because at that time Getter was located in a different institution, the rehearing was identified as No. NCF-09-01-0495. A rehearing of the charge was conducted on January 30, 2009, and Getter was again found guilty.

   c. While Getter was again found guilty, the sanctions imposed differed significantly. The sanctions imposed in No. NCF-09- 01-0495 consisted of an extra fifteen hours of duty, a fourteen day loss of commissary and telephone privileges and a written reprimand. The sanctions imposed in IYC-08-07-0199 were expunged in No. NCF-09-01-0495.

   d. Between the July 22, 2008, hearing and the January 30, 2009, rehearing, other disciplinary proceedings impacted on the duration of Getter's confinement. Specifically, in other disciplinary proceedings, including No. IYC-08-96, No. NCF 09-03-0454, No. NCF-09-03-457, No. NCF 09-11-0058, and/or No. NCF 09-01-0495, Getter was sanctioned with the demotion in time earning class.

   e. The demotion(s) in time earning class separate from the demotion in time earning class in No. IYC-08-07-0199 resulted in Getter being demoted from class 2 to credit class 3. Because of the other demotion(s) in time earning class, Getter did not earn time at the rate he would have if he had simply been in time earning class 2 as the result of the sanction in No. IYC-08-07-0199. This shall be referred to herein as "the additional loss in time credit."

   f. Getter admits that he was not deprived of any earned good time in No. NCF-09-01-0495, but contends that he suffered the additional loss in time credit because of No. IYC-08-07-0199. In doing so, however, Getter has misidentified the actual cause of the additional loss in time credit. The actual cause was not the demotion in time earning class ordered in

No. IYC-08-07-0199. The actual cause of the additional loss in time credit was the demotion(s) in his time earning class imposed in other disciplinary proceedings.

### III.

The sanctions imposed in No. IYC 08-08-022 were custodial, but that proceeding was set aside and all sanctions from that proceeding have been vacated.

The sanctions imposed in No. NCF-09-01-0495 were non-custodial and hence do not satisfy the "in custody" requirement of the federal habeas statute. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

Getter did not suffer the additional loss in time credit as a result of either No. IYC 08-08-022 or No. NCF-09-01-0495. Those are the proceedings challenged in this case. The rehearing in No. NCF-09-01-0495 does not affect the fact or the anticipated duration of his confinement. Absent such a consequence, the protections of *Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985), and *Wolff v. McDonnell,* 418 U.S. 539, 564 (1974), are not triggered. This is because "[p]rocess is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Indeed, when no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any procedures it chooses, or no procedures at all." *Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001); *see also Castaneda v. Henman*, 914 F.2d 981, 983 (7th Cir. 1990)(explaining that although a prisoner may not be deprived of a liberty interest without due process, sanctions that do not deprive an inmate of a liberty interest are not subject to federal review), *cert. denied,* 498 U.S. 1124 (1991).). The respondent's motion to dismiss Getter's petition for writ of habeas corpus [14] is therefore **granted**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  01/30/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana